UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JUAN GALICIA,
    *individually and on behalf of all other persons similarly situated*,

                  Plaintiff,

v.

63-68 DINER CORP., and CHRIS KARAYIANNIS, jointly and severally,

                  Defendants.

**MEMORANDUM & ORDER**
13-cv-03689 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Juan Galicia brought suit against his former employer on July 1, 2013 to recover unpaid minimum wages, overtime premium wages, liquidated damages, and statutory penalties under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.* As Defendants failed to answer Plaintiff's complaint or enter an appearance in this proceeding, Plaintiff now moves for a default judgment in his favor. (Dkt. 26.) Because Defendants failed to contest Plaintiff's Motion for Default Judgment, and for the following reasons, this Court orders a default judgment against Defendants in the amount of $6,357.21.

**I.    BACKGROUND**

    **A.    Procedural History**

Plaintiff brought suit on behalf of himself and other similarly situated former employees against his former employer, 63-68 Diner Corp., d/b/a Shalimar Diner, and its owner and manager Chris Karayiannis on July 3, 2013. (Dkt. 1.) Both defendants were duly served with

the Summons and Complaint. (Dkt. 11, 12.) Defendants did not answer or otherwise respond to Plaintiff's complaint. Therefore, on December 4, 2013 and December 10, 2013 the Clerk of the Court certified Defendants' default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Dkt. 17, 18.)

On August 13, 2014, Plaintiff moved for default judgment. However, on October 28, 2014, with leave from the Court, Plaintiff re-filed his motion, accompanied by an errata memorandum, correcting errors in the original motion. (Dkt. 20-26.) Although Defendants were served with copies of the original and amended motions, they did not file any opposition.

Plaintiff originally sought designation of this action as a collective action pursuant to 29 U.S.C. § 216(b). (Compl. at 8.) Because Plaintiff now seeks a default judgment and has not reiterated his request for collective action in the present motion, the Court considers Plaintiff's collective action request waived. *See Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 133 (E.D.N.Y. 2011).

**B.   Factual History**

Plaintiff has alleged the following facts, which the Court accepts as true owing to the Defendants' default. *See Santillan v. Henao*, 822 F. Supp. 2d 284, 290 (E.D.N.Y. 2011) (taking plaintiff's fact submissions as true in default judgment action) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1996)).

Shalimar Diner is a restaurant owned or managed by Chris Karayiannis, located at 63-68 Austin St. in Rego Park in Queens, New York. (Compl. ¶¶ 11, 12.) Defendants jointly employed Plaintiff as a busboy in their restaurant from approximately April 15, 2013 until May 19, 2013. (Compl. ¶¶ 16, 17; Aff. of Pl. in Supp. of Mot. for Default J. ("Galicia Aff.") ¶ 2.)

2

Plaintiff worked for Defendants approximately 61.5 hours per week.[1] (Galicia Aff. ¶ 6) Plaintiff worked every day of the week except Wednesdays. Plaintiff worked the following hours each day: 9 hours on Mondays, 10 hours on Tuesdays, Thursdays and Fridays, 10.5 hours on Sundays, and 12 hours on Saturdays. (Galicia Aff. ¶ 7.) Defendants paid Plaintiff $150 per week in cash. (Galicia Aff. ¶ 5; Compl. ¶ 20.) There is no indication in any of Plaintiff's submissions that he ever received tips while employed at Shalimar Diner. Defendants did not provide Plaintiff with a notice and acknowledgment at the time of hiring, nor did they ever provide Plaintiff with a statement of wages for any payment of wages.[2] (Galicia Aff. ¶¶ 11, 12; Compl. ¶¶ 23, 24.)

**II.     DISCUSSION**

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for entry of a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may enter a default judgment on a plaintiff's motion. Fed. R. Civ. P. 55(b)(2).

---

[1] The Complaint alleges that Plaintiff worked approximately 58 hours per week. (Compl. ¶ 18.) However, the Court accepts the 61.5 hours per week set forth in Plaintiff's sworn Affidavit in Support of the Motion for Default Judgment. (Galicia Aff. ¶ 6).

[2] The Complaint also alleges that Defendants failed to post a notice explaining employees' minimum wage and overtime pay rights under federal and state law (Compl. ¶ 25); however Plaintiff's motion for default judgment does not request determination of this issue, presumably because neither the FLSA nor NYLL provide damages for such violations.

3

### A. Liability for Violations of the FLSA and NYLL

A plaintiff is not entitled to default judgment as a matter of right, merely because a party has failed to appear or respond. *See Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993). To determine whether the default judgment should issue, the Court examines whether "the factual allegations, accepted as true, provide a proper basis for liability and relief." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). In other words, "[a]fter default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Rolls-Royce PLC*, 688 F. Supp. 2d at 153 (citation omitted).

#### 1. FLSA Liability

Plaintiff moves for default judgment on two claims under the FLSA: (1) failing to pay the applicable minimum wage, and (2) failing to pay overtime premium wages. (Mem. in Supp. of Mot. for Default J. at 6-7; Compl. ¶¶ 31-33.)

An employer becomes subject to the FLSA if it is "an enterprise engaged in commerce . . . ." 29 U.S.C. §§ 206(b), 207(a).[3] Enterprise coverage applies when an enterprise (1) "has employees engaged in commerce or in the production of goods for commerce," or "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and (2) has annual gross volume of sales made or business done of not less than $500,000. 29 U.S.C. § 203(s)(1)(A). Individual defendants may

---

[3] This application has been termed "enterprise" coverage, as opposed to "individual" coverage, where an employee is engaged directly in commerce or the production of goods for commerce. *See Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n. 8 (1985); *Jacobs v. New York Foundling Hosp.*, 483 F. Supp. 2d 251, 257 (E.D.N.Y. 2007), *aff'd*, 577 F.3d 93 (2d Cir. 2009).

also be subject to FLSA liability if they exercise "operational control" over the plaintiff-employee. *Garcia v. Badyna*, No. 13–CV–4021, 2014 WL 4728287, at *5 (E.D.N.Y. Sept. 23, 2014) (citing *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013)).

Employers subject to the FLSA must compensate their employees at the prevailing minimum wage for all hours worked. 29 U.S.C. § 206(a)(1). Employees who work more than 40 hours in a single work week are also entitled to an overtime wage of not less than one and one-half times the regular rate for the excess hours. 29 U.S.C. § 207(a)(1).

Here, Plaintiff has adequately alleged that Defendant Shalimar Diner is subject to the FLSA via enterprise coverage. (Compl. ¶¶ 11, 16, 17; Galicia Aff. ¶¶ 2, 3.) First, it is logical to infer that Shalimar Diner has employees who handle goods or materials that have moved in interstate commerce, including Plaintiff, who worked as a busboy at the diner. *See Rocha v. Bakhter Afghan Halal Kababs, Inc.*, 44 F. Supp. 3d 337, 346 (E.D.N.Y. 2014) ("An employee's handling of cleaning and janitorial supplies and food products is sufficient to establish the first prong of enterprise coverage" under the FLSA); *Rodriguez*, 784 F. Supp. 2d at 121 (finding it "logical to infer" that the cleaning supplies used by plaintiffs originated outside New York); *see also Diaz v. Jaguar Rest. Grp., LLC*, 649 F. Supp. 2d 1343, 1359 (S.D. Fla. 2009) ("[M]ost, if not every, Circuit Court that has spoken on the issue construed the 1974 FLSA amendments as expanding enterprise coverage to virtually all employers, so long as that employer satisfies the $500,000 gross sales requirement.") (quotation marks and internal brackets omitted). Second, the Court finds that Shalimar Diner, a 24-hour restaurant that offers entrees priced between $14 and $27, and is located in a busy commercial area that is only a five-minute walk from several subway lines, exceeds the $500,000 annual gross volume threshold.

Plaintiff has also sufficiently alleged control by Defendant Karayiannis, who had "the authority to hire, fire, and direct and control employees" (Compl. ¶ 13; Galicia Aff. ¶ 4), thereby establishing operational control over Plaintiff's employment. Finally, Plaintiff has adequately alleged that he was compensated $150 per week for 61.5 hours of work, for an effective rate of approximately $2.44 per hour. (Galicia Aff. ¶ 6). The FLSA requires a minimum wage rate of $7.25 per hour for the period in question. 29 U.S.C. § 206(a)(1). Accordingly, the Court finds Defendants liable for failing to pay Plaintiff the prevailing minimum wage and overtime wages to which he was entitled under the FLSA.

2. <u>NYLL Liability</u>

Plaintiff also moves for default judgment on the following claims under the NYLL: (1) failing to pay the applicable minimum wage, (2) failing to pay overtime premium wages, (3) failing to pay "spread-of-hours" premium wages, (4) failing to provide wage statements, and (5) failing to furnish a notice of pay rate at the time of hiring. (Mem. in Supp. of Mot. for Default J. at 6-7, 9-10; Compl. ¶¶ 41, 42, 44, 46.)

Like the FLSA, the NYLL sets forth minimum wage and overtime wages for covered employees, NYLL § 652; N.Y. Comp. Codes R. & Regs. tit. 12 §§ 142-2.1, 142-2.2, and requires employers to furnish a regular wage statement with each payment of wages, NYLL § 195(3). In addition, the NYLL requires employers to pay an employee who works a "spread of hours" in excess of 10 hours an additional hour at the minimum wage rate. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4. The NYLL also requires employers to furnish a wage notice at the time of hiring that specifies the rate of pay, regular pay day, the name of the employer, and the employer's contact information, NYLL § 195(1).

While the NYLL is a state analog to the federal FLSA, it "does not require that a defendant achieve a certain minimum in annual sales or business in order to be subject to the law." *Garcia*, 2014 WL 4728287 at *6. The NYLL's definition of an employer is also somewhat broader than the FLSA, reaching "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer." N.Y. Lab. Law § 651(6). An employee under the NYLL is "any individual employed or permitted to work by an employer in any occupation . . . ." *Id*. at § 651(5). Although the NYLL often differs from the FLSA on the requisite minimum wage rate, the New York minimum wage rate was identical to the federal minimum wage rate throughout the period in question, namely, $7.25 per hour. N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.1.

Here, Plaintiff has adequately alleged that he is an employee covered under the NYLL. Under New York's method of calculating an employee's regular rate of pay,[4] Plaintiff was paid $3.75 per hour and was therefore not compensated according to the NYLL's minimum wage and overtime provisions. (Galicia Aff. ¶ 6.) Plaintiff has also adequately alleged that he was not provided with wage statements or wage notices as required by Section 195 of the NYLL. (Galicia Aff. ¶¶ 11, 12; Compl. ¶¶ 23, 24.)

However, Plaintiff did not adequately state a claim for recovery of unpaid spread-of-hours premium wages in his Complaint, despite alleging that he worked 10.5 hours on Sundays and 12 hours on Saturdays. (Galicia Aff. ¶ 7.) The Complaint does not include a claim for unpaid spread-of-hours premium wages, and cannot be construed as incorporating such a claim by general reference to the NYLL, since the payment of spread-of-hours premium wages is not

---

[4] Under the NYLL, the regular rate of hourly pay is calculated by dividing an employee's paid wages by *the lesser of* 40 hours or the hours actually worked in that workweek. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.5 (emphasis added).

7

required by any provision in the Labor Law itself, but rather by regulations promulgated by the State's Department of Labor. *See* N.Y. Comp. Codes R. & Regs. tit. 12 §§ 142-2.4, 146-1.6. Therefore, Defendants were never placed on notice of this claim against them, and the Court is unable to find them liable for unpaid spread-of-hours premium wages via default judgment.

Accordingly, the Court finds Defendants liable for violating the NYLL's provisions on minimum wage, overtime, wage statements and wage notices, but declines to decide the issue of spread-of-hours premium wages.

### B. Damages for Violations of the FLSA and NYLL

Plaintiff seeks a default judgment of $8,352.45 as of August 13, 2014, comprised of unpaid minimum wages, unpaid overtime premium wages, unpaid spread-of-hours premium wages[5], liquidated damages, statutory fines, and prejudgment interest, plus prejudgment interest of $.67 per day thereafter up to the date of judgment. Although Defendants did not provide Plaintiff with wage statements or a wage notice upon hiring, the Court accepts as true Plaintiff's allegations establishing the amount he was paid and the hours worked, due to Defendants' default. "When an employer has not kept such records, an employee suing for lost wages under the FLSA may carry his burden by submitting 'sufficient evidence from which violations of the [FLSA] and the amount of an award may be reasonably inferred.'" *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 331 (S.D.N.Y. 2005) (citing cases). "[C]ourts in this Circuit have held that where a defendant-employer defaults, a plaintiff may meet this burden of proof 'by relying on his recollection alone.'" *Garcia*, 2014 WL 4728287, at *9 (quoting *Doo Nam Yang*, 427 F. Supp. 2d at 335); *accord Santillan*, 822 F. Supp. 2d at 294 (holding that "[w]here the

---

[5] As explained above, the Court is unable to find Defendants liable for underpayment of spread-of-hours premiums, and therefore cannot award damages on that basis.

employer has defaulted, [the employee's] recollection and estimates of hours worked are presumed to be correct[,]" and awarding $60,193.42 based on the complaint and default submissions alone).

In a default judgment, the court accepts as true all factual allegations stated in the pleadings, except those relating to damages. *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158; Fed. R. Civ. P. 8(b)(6) ("An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied."). The Federal Rules of Civil Procedure provides that "[t]he court *may* conduct hearings . . . to . . . determine the amount of damages[.]" Fed. R. Civ. P. 55(b)(2) (emphasis added). However, the Second Circuit has held that "it [is] not necessary for the District Court to hold a hearing, as long as it [has] ensured that there was a basis for the damages specified in the default judgment." *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir.1989).

Here, the Court finds the pleadings sufficiently detailed as to the hours worked and the wages paid, and the amount in question to be modest enough, as to forego a hearing. The Court agrees with most of Plaintiff's calculations of the compensation and damages owed. However, Plaintiff's calculation of the overtime premium wages available under the NYLL and his interpretation of the applicability of prejudgment interest in this case are incorrect. For the reasons set forth below, the Court awards damages to Plaintiff in the amount of $6,357.21.

1. <u>Minimum Wage</u>

Plaintiff seeks to recover $1,479.38 in compensation for Defendants' failure to pay him the minimum wage. (Mem. in Supp. of Mot. for Default J. at 7.) Throughout Plaintiff's employment with Shalimar Diner, both the federal and the New York minimum wage rates for non-tipped employees were $7.25 per hour. 29 U.S.C. § 206(a)(1)(C); N.Y. Lab. Law § 652(1);

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2.[6] Accordingly, Plaintiff is entitled to $1,479.38 in unpaid minimum wage compensation due to Defendants' violations of both the FLSA and NYLL.[7]

    2.    <u>Overtime Premium Wages</u>

Plaintiff seeks to recover $1,169.06 in unpaid overtime compensation. (Dkt. 28-1 Errata, p. 2, substitution for p. 7 lines 10-11.) Under the FLSA, an employer is required to pay its employees at a rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in any given workweek. 29 U.S.C. § 207(a)(1). New York law requires the same. *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4.

Plaintiff contends that because the New York government calculates the regular rate of hourly pay differently than the federal government, he may seek recovery pursuant to both

---

[6] The federal rates for a "tipped employee," defined as "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips," 29 U.S.C. § 203(t), were significantly lower, due to the "tip credit" authorized by 29 U.S.C. § 203(m). Bus persons have been recognized as employees who customarily and regularly receive tips. *See* S. Rep. 93-690, at 43 (Feb. 22, 1974); DOL Field Operations Handbook Ch. 30, §30d04(a,c) (Dec. 9, 1988). DOL Opinion Letter FLSA 2009–12 (Jan. 15, 2009). However, the reduced wage rate applies only if the tipped employee "has been informed by the employer of the provisions . . . , and all tips received by such employee have been retained by the employee." 29 U.S.C. § 203(m); *cf.* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.3 ("An employer may take a credit towards the basic minimum hourly rate if a service employee or food service worker receives enough tips and if the employee has been notified of the tip credit as required in section 146-2.2 of this Part."). Since the record contains no indication that Plaintiff ever received tips, much less received notification of the pertinent statutory provisions, the Court does not consider Plaintiff to be a tipped employee for purposes of either the FLSA or NYLL.

[7] Plaintiff worked 61.5 hours per week for five weeks, and seeks compensation at the identical state and federal rate of $7.25 per hour. At that rate, he should have received a total of $2,229.38. However, he actually received only $750.00. Therefore he is due a balance of $1,479.38.

federal and state law for any overtime hours worked.[8] (Errata p. 2, substitution for p. 7, lines 8-9.) This is simply not so, as that would allow Plaintiff to essentially recover overtime twice, leading to an effective overtime rate of 2.5 times his regular rate, instead of the 1.5 rate set forth under the FLSA and the NYLL. The law is clear that Plaintiff may only recover overtime under either federal or state law, not both. *See*, *e.g.*, *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 262 n.44 (S.D.N.Y. 2008); *see also Janus v. Regalis Constr., Inc.*, No. 11–CV–5788, 2012 WL 3878113, at *7 (E.D.N.Y. July 23, 2012), *report and recommendation adopted*, 2012 WL 3877963 (E.D.N.Y. Sept. 4, 2012).

Plaintiff worked 61.5 hours per week and was not paid at the applicable overtime rate for the hours he worked in excess of 40 hours each week. (Galicia Aff. ¶ 9; Compl. ¶ 22.) Because Plaintiff's minimum wage damages already account for a portion of the total overtime

---

[8] Plaintiff correctly notes that under the FLSA, the regular rate of hourly pay is calculated by dividing an employee's paid wages by the number of hours worked per workweek. 29 C.F.R. § 778.109. Under this method, Plaintiff's regular rate of hourly pay was approximately $2.44 per hour. By contrast, under the NYLL, the regular rate of hourly pay is calculated by dividing an employee's paid wages by *the lesser of* 40 hours or the hours actually worked in that workweek. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.5 (emphasis added). Under this method, Plaintiff's regular rate of hourly pay was $3.75 per hour. Plaintiff also correctly notes that this means that, in New York, "the employer is presumed to have paid no wages on hours in excess of forty[.]" (Errata for p. 7, lines 8-9.)

However, this does not mean that an employer necessarily "owes wages in the amount of one-and-one-half times the regular rate for each hour[] worked in excess of forty per workweek." (Errata for p. 7, lines 8-9.) Under New York law, where an employee's regular rate of hourly pay is below the statutory minimum, his overtime premium compensation is calculated not by one-and-one-half times his *regular rate* of pay but by one-and-one-half times the *statutory minimum rate* of pay. Therefore, the method of calculating his regular rate of pay has no bearing on the amount of overtime compensation he is due.

Here, because the Court has already compensated Plaintiff for his excess 21.5 hours per week at a rate of 100% in the section above regarding minimum wage, Plaintiff is now entitled to additional compensation at a rate of 50% of the minimum wage in this overtime premium section.

compensation due, Plaintiff is entitled to an additional overtime premium of half-pay for the extra 21.5 hours. Therefore, the Court awards Plaintiff $389.69 in compensation for unpaid overtime premiums.[9]

### 3. Liquidated Damages

Plaintiff seeks liquidated damages under both the FLSA and NYLL for the same period of underpayment. District courts in this circuit have split over whether a plaintiff may obtain simultaneous and cumulative ("stacked") awards of liquidated damages under both statutes. *See Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 91 (E.D.N.Y. 2012) (summarizing compiled cases). This Court finds the stacked award of liquidated damages under both the FLSA and NYLL to be appropriate because the statutes contemplate that, despite recent amendments to the NYLL, the award of liquidated damages continues to serve a different purpose than the award of minimum and overtime wages,.

Under the FLSA, an employer who violates the federal minimum wage and overtime provisions is liable to the affected employee in the amount of his unpaid minimum wages and/or overtime wages, "and an additional equal amount as liquidated damages," 29 U.S.C. § 216(b), unless the employer can show that he acted in "good faith" and "had reasonable grounds for believing" himself compliant with the FLSA. 29 U.S.C. § 260. Shortly after the FLSA's enactment, the Supreme Court held that "liquidated damages for failure to pay the minimum wages . . . are compensation, not a penalty or punishment." *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 583 (1942). While acknowledging that the Portal-to-Portal Act[10] amended

---

[9] Plaintiff's additional overtime income due is calculated at half the identical federal/New York minimum wage rate of $7.25 per hour for each of the five weeks he worked.

[10] Pub L No 80-49, 61 Stat 84, codified at 29 U.S.C. § 251 *et seq*.

the FLSA in 1947 to allow employers to defeat an award of liquidated damages by a showing of good faith, the Second Circuit has held that liquidated damages under the FLSA "are not a penalty exacted by the law, but rather *compensation* to the employee occasioned by the delay in receiving wages caused by the employer's violation of the FLSA." *Herman v. RSR Secs. Servs., Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999) (emphasis added). Since the Supreme Court has not opined further on the issue since *Herman*, the Court finds the award of liquidated damages under the FLSA to be compensatory in nature.

By contrast, the Court finds the history of the NYLL's liquidated damages provision to suggest a primarily punitive nature, which it doubts the New York legislature intended to displace by its recent amendments. When New York first made liquidated damages available for NYLL violations available in 1967, the statute allowed recovery of only 25% of the unpaid wages due, and conditioned that award "upon a finding that the employer's failure to pay the wage required by this article was willful." 1967 N.Y. Laws 1014 (codified at NYLL § 198(1-a)(1967)). The Second Circuit therefore interpreted liquidated damages under the NYLL to be "a penalty to deter an employer's willful withholding of wages due." *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999). In 2009, New York amended this provision to shift the burden to employers to prove "a good faith basis" for believing themselves compliant in order to avoid the now presumptively awarded 25% liquidated damages. Act of Aug. 26, 2009, ch. 372, 2009 N.Y. Laws 1086. And in 2010, New York increased the award of liquidated damages to 100% of the underpaid wages. Wage Theft Prevention Act of 2010, ch. 564, 2010 N.Y. Laws 1446; NYLL §§ 198(1-a); 663(1). Although the liquidated damages provisions of the FLSA and NYLL now mirror each other, there is no indication in the legislative history that New

York's amendments were meant to signal a new compensatory purpose, as opposed to a punitive one, or to prevent workers from continuing to recover under both the federal and state provisions.

Because the FLSA's liquidated damages provision serves a compensatory purpose while the NYLL's serves a punitive purpose, a plaintiff may be awarded both simultaneously for the same period of underpayment. *See Gunawan*, 897 F. Supp. 2d at 91 (default judgment); *Santillan*, 822 F. Supp. 2d at 297 (default judgment); *Wicaksono v. XYZ 48 Corp.*, No. 10–CV–3635, 2011 WL 2022644, at *7 (S.D.N.Y. May 2, 2011) *report and recommendation adopted*, No. 10–CV–3635, 2011 WL 2038973 (S.D.N.Y. May 24, 2011) (default judgment); *Vasquez v. Ranieri Cheese Corp.*, No. 07–CV–464 (ENV), 2010 WL 1223606, at *18 (E.D.N.Y. Mar. 26, 2010). Plaintiff has alleged sufficient facts to warrant an award of stacked liquidated damages under both the FLSA and NYLL.

Due to the employer's default, the Court cannot attribute to it any good faith to rebut either presumptive award. *See Herman*, 172 F.3d at 142 (Because the employer's burden to rebut the award of liquidated damages is "a difficult one," "double damages [are] the norm and single damages the exception."); *see also Gunawan*, 897 F. Supp. 2d at 91 n. 10 (default judgment); *Santillan*, 822 F. Supp. at 297 (default judgment). For his unpaid minimum wage and unpaid overtime premium under the FLSA, the Plaintiff is due "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Therefore, Plaintiff is due an additional $1,869.07 in liquidated damages under the FLSA.[11] For his unpaid minimum wage and unpaid overtime premium under the NYLL, Plaintiff similarly is due "liquidated damages equal to one hundred

---

[11] Plaintiff is due $1,479.38 as liquidated damages for his unpaid minimum wages and $389.69 for his unpaid overtime.

percent of the total of such underpayments found to be due." NYLL §§ 198(1-a); 663(1). Therefore, Plaintiff is due an additional $1,869.07 in liquidated damages under the NYLL.[12]

In total, the Court awards Plaintiff $3,738.14 in liquidated damages.

### 4. Prejudgment Interest

Plaintiff seeks state law prejudgment interest of $291.51 as of August 13, 2014 plus $.67 per day thereafter, up to the date of judgment. (Mem. in Supp. of Mot. for Default J. at 11; Errata p. 2, substitution for p. 11, lines 14-15.) Plaintiff arrives at this number by claiming that such interest should be assessed against Plaintiff's total amount of recovery, regardless of which portions of the award have already been retroactively compensated by the award of liquidated damages under the FLSA. The Court disagrees.

"Federal courts have long recognized that prejudgment interest may not be awarded in addition to liquidated damages for violations of the FLSA." *Santillan*, 822 F. Supp. 2d at 298 (citing *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d Cir. 1988) (additional citations omitted). "Since liquidated damages awarded under the FLSA for unpaid overtime [and minimum wages] is designed to compensate employees for delay in payment, such damages are the functional equivalent of prejudgment interest . . . ." *Id*. Therefore, prejudgment interest is only appropriately assessed against those portions of the uncompensated labor that have not already received liquidated damages under the FLSA. *See Angamarca v. Pita Grill 7 Inc.*, 11-CV-7777, 2012 WL 3578781, at *9 (S.D.N.Y. Aug. 2, 2012) (finding plaintiff "entitled to an award of prejudgment interest only on unpaid wages and spread of hours pay for which liquidated damages pursuant to the FLSA were not assessed").

---

[12] Plaintiff is due liquidated damages for unpaid minimum wage ($1,479.38) and unpaid overtime ($389.69).

Because of the primarily punitive purpose of liquidated damages under the NYLL, the same proscription does not apply with respect to liquidated damages pursuant to the NYLL. *Reilly*, 181 F.3d at 265. Nonetheless, even though a plaintiff seeks recovery under the FLSA and NYLL, where, as here, the plaintiff is awarded liquidated damages under the FLSA, he is precluded from also collecting prejudgment interest. *Santillan*, 822 F. Supp. 2d at 298 (stating that the plaintiff may only collect prejudgment interest only on unpaid wages and spread of hours pay for which liquidated damages pursuant to the FLSA were not assessed). Because liquidated damages have been awarded under the FLSA for all of Plaintiff's wage claims,[13] the Court does not award him any prejudgment interest.

### 5. Wage Notice and Wage Statement Violation Penalties

Plaintiff seeks damages due to Defendants' failure to provide a written notice of his pay when he was hired and wage statements for each payment of wages under Section 195 of the NYLL. N.Y. Lab. Law §§ 195(1), 195(3). For Defendants' initial failure to provide a written wage notice within ten business days of hiring Plaintiff, Plaintiff is entitled to recover $50 for each workweek that the violation continued, up to a statutory maximum of $2,500. N.Y. Lab. Law § 198(1-b). Therefore, the Court awards Plaintiff $250 for the five workweeks that the violation persisted.

Plaintiff is also entitled to recover $100 for each week that he did not receive a wage statement with his wage payment, up to a statutory maximum of $2,500. N.Y. Lab. Law §

---

[13] If the Complaint had included a claim for spread-of-hours premiums, that portion of unpaid labor would have been eligible for prejudgment interest, since the FLSA does not provide for spread-of-hours compensation.

198(1-d).[14]  Therefore, the Court awards Plaintiff $500 for the five workweeks in which he received no wage statement.

## CONCLUSION

The Court hereby GRANTS Plaintiff's Motion for Default Judgment, and awards Plaintiff a total judgment of $6,357.21.  Damages are awarded against Defendants, jointly and severally, as follows:

1. $1,479.38 in unpaid minimum wage compensation, pursuant to 29 U.S.C. § 206(a)(1)(C); N.Y. Lab. Law § 652(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2;

2. $389.69 in unpaid overtime premiums compensation, pursuant to 29 U.S.C. § 207(a)(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4;

3. $3,738.14 in liquidated damages, pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198(1-a); 663(1); and

4. $750 in statutory penalties, pursuant to N.Y. Lab. Law §§ 198(1-b), 198(1-d).

The Court's judgment shall provide that pursuant to NYLL Section 198(4), any unpaid amount of Plaintiff's award, set forth above, that "remains unpaid upon the expiration of ninety (90) days following the issuance of judgment, or ninety (90) days after expiration of the time to appeal and no appeal is then pending, whichever is later," shall increase by 15%.  *See* N.Y. Lab. Law § 198(4).  The Clerk is respectfully directed to enter judgment and close this case.

---

[14]  The New York Legislature recently increased the statutory fine to $250 for each workday, up to a maximum of $5,000.  See 2014 Sess. Law News of N.Y. Ch. 537 (A. 8106-C) (2014).  Because this change did not go into effect until February 27, 2015, the Court applies the statutory fine that governed during Plaintiff's employment.

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: March 30, 2015
       Brooklyn, New York